UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHELA BROWN,

        Plaintiff,

    v.

COUNTY OF EL DORADO, et al.,

        Defendants.

Case No. 2:26-cv-00186-DC-CSK PS

FINDINGS AND RECOMMENDATIONS

(ECF Nos. 1, 2)

Plaintiff Michela Brown is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends that Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

## I.    MOTION TO PROCEED IN FORMA PAUPERIS

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's IFP request states that disability benefits are her only source of income and she pays $3,995 a month in rent. *See* ECF No. 2. Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See id.* However, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous or without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the Complaint that this action is frivolous or is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

/ / /

## II.      SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

///

3

## III.    THE COMPLAINT

Plaintiff brings this action against four named defendants: County of El Dorado, Pippa Temple, Kassie Cardullo, and Jake Hermingaus. *See* Compl. (ECF No. 1). She also lists South Lake Tahoe Police Department Detectives ("SLT Detectives") as defendants. *Id.*

Plaintiff alleges this action arises under 42 U.S.C. § 1983. Plaintiff alleges that Defendant County of El Dorado "is responsible for policies and supervision of the District Attorney's Office." Compl. at 1. Defendants Temple, Cardullo, and Hermingaus "were employees of the DA's Office." *Id.*

Plaintiff alleges that, in a July 2025 investigation, Defendant SLT Detectives "coerced, manipulated [and] pressured" her into making statements while she was experiencing distress from mental health and substance abuse issues. Compl. at 1. Plaintiff alleges that, on November 3, 2025, "Defendants engaged in retaliation, surveillance, intimidation, witness threats, misrepresentation of authority, and unlawful subpoena." *Id.* In October 2025, Defendants allegedly "disclosed Plaintiff's protected victim status to her employer," causing her to lose her job. *Id.* at 2.

Plaintiff claims that, based on these alleged events, Defendants violated her rights under the First, Fifth and Fourteenth Amendments, "engaged in conspiracy, and caused constitutional injuries." *Id.* at 2. She claims that Defendant County of Eldorado "maintained customs and failure to train that caused these violations." *Id.* Plaintiff asserts that Defendants' actions "were investigative and retaliatory, not protected by prosecutorial immunity." *Id.*

## IV.    DISCUSSION

### A.    Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v.*

*Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of the Complaint reveals it consists of "[t]hreadbare recitals of the elements" of her causes of action and fails to state a claim for relief. *Iqbal*, 556 U.S. at 678. While this problem infects the entire Complaint, the Court discusses its deficiencies in pleading particular claims below.

### B.  Failure to State a Claim

Plaintiff's Complaint fails to state a claim against any defendant under Section 1983. 42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). To state a cognizable Section 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintif's brief and conclusory allegations against Defendants Temple, Cardullo, Hermingaus, and SLT Detectives do not suffice to show unconstitutional conduct under Section 1983.

As to Defendant County of El Dorado, plaintiff's general and conclusory allegations do not "show that a 'policy or custom' led to plaintiff's injury." *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under Monell, a plaintiff must show that (1) she was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing

5

*Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The Complaint does not allege specific facts to meet these elements, and plaintiff's *Monell* claim is subject to dismissal.

Finally, insofar as Plaintiff's claims concern ongoing state court proceedings, they are barred by the *Younger* abstention doctrine. *See* Compl. at 1 ("Plaintiff was the alleged victim in [a] criminal case . . . and invoked her Fifth Amendment rights on November 3, 2025."). Federal courts are generally required to abstain from interfering with ongoing state court proceedings. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971). Abstention of the federal court is required under *Younger* when "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citations omitted). The Complaint suggests the parties may be involved in an ongoing state criminal case. The federal court must abstain from interfering with these proceedings, which provide an adequate opportunity to raise constitutional challenges. In sum, all claims in the Complaint should be dismissed.

### C.    Leave to Amend

In considering whether leave to amend should be granted, the Court considers that the Complaint does not present a non-frivolous claim. In light of the Court's lack of subject matter jurisdiction and the Complaint's many deficiencies, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

### V.    CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

2.    Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and

3.      The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 16, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/brow0186.screen.f&r

7