UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELA BROWN,<br>Plaintiff,<br>v.<br>COUNTY OF EL DORADO, et al.,<br>Defendants. | Case No. 2:26-cv-00186-DC-CSK (PS)<br>ORDER<br>(ECF No. 3) |

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On April 17, 2026, the Magistrate Judge filed findings and recommendations (ECF No. 3), which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days. On May 13, 2026, Plaintiff filed objections to the findings and recommendations (ECF No. 5). The Court grants Plaintiff's request (ECF No. 4) to accept Plaintiff's late-filed objections and has considered all objections raised.

In accordance with 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review. The Court has carefully reviewed the file, including Plaintiff's objections. While the Court agrees that dismissal is appropriate, it does so for reasons partially distinct from those stated by the Magistrate Judge and with leave to amend. As the

Court does not find the action to be frivolous, Plaintiff's Motion to Proceed In Forma Pauperis is granted.

The Findings and Recommendations recommend dismissal partly on the basis that Plaintiff's claims are barred by the *Younger* abstention doctrine. (ECF No. 3 at 6.) *Younger* generally precludes federal courts from entertaining actions that would interfere with ongoing state court proceedings. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). Liberally construed, Plaintiff's claims here do not necessarily seem to directly implicate ongoing state court proceedings. Plaintiff at least partially claims that Defendants interfered with her employment by disclosing "Plaintiff's protected victim status to her employer, resulting in review and loss of employment." (ECF No. 1 at 2.) While this bears some factual connection to state criminal proceedings in which Plaintiff was an alleged victim, there is no implication that claims on this basis would interfere with ongoing state court proceedings.

The Findings and Recommendations also recommend dismissal on the basis that Plaintiff has failed to state a claim. On this, the undersigned agrees. Plaintiff's claims are conclusory and lack sufficient factual allegations to support a claim against any Defendant. Plaintiff mentions retaliation under the First Amendment at several points but the limited facts alleged fail to establish that "(1) [Plaintiff] engaged in constitutionally protected activity; (2) as a result, [s]he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022).

Plaintiff has also failed to allege facts that would support claims against individual defendants. In order to state a section 1983 claim, Plaintiff's allegations must satisfy the "linkage requirement" which requires that the facts establish a connection between each individual Defendant's acts or omissions and the alleged

deprivation of Plaintiff's federal or constitutional rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The present complaint fails to identify any specific acts or omissions by individual defendants, let alone how those acts or omissions violated Plaintiff's rights.

Given the above, the Court agrees that dismissal of the Complaint is appropriate for failure to state a claim. However, as it is not readily apparent at this stage that Plaintiff's claims are barred, leave to amend is appropriate as it does not yet seem amendment is futile.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 3) are ADOPTED IN PART.
2. Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2) is GRANTED.
3. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend.
4. Plaintiff is granted twenty-one (21) days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **August 3, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE